UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

PAUL BORDA,                          :
    Plaintiff,                    :
                                  :
    v.                            :   File No. 1:05-CV-320
                                  :
CAPRICORNS LAIR,                     :
    Defendant.                    :
_____:

### RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Paper 17)

Having held a hearing on Plaintiff's Motion for Default Judgment on September 6, 2006, at which Defendant did not appear, and upon considering the statements of counsel, the testimony of Suzanne Mancinelli, and the relevant filings in this matter, the Court makes the following findings of fact and conclusions of law:

1. Plaintiff holds the following copyright certificates:

    | Work | Registration Number | Registration Date |
    |---|---|---|
    | Moon Pentacle | VA 935-947 | September 1, 1998 |
    | Moon Goddess | VA 1-147-858 | July 26, 2002 |
    | Tree Pentacle | VA 1-147-855 | July 26, 2002 |

2. Defendant infringed Plaintiff's copyrights by manufacturing and selling jewelry using copyrighted images created by Plaintiff. Defendant continued to infringe Plaintiff's copyrights after Plaintiff's attorney wrote

Defendant demanding that Defendant cease infringing Plaintiff's copyrights.

3. Defendant's infringement is presumed willful when determining relief for a violation under 17 U.S.C. § 501, *et seq.*

4. Defendant willfully infringed all three of Plaintiff's copyrights.

5. Plaintiff seeks statutory damages and his costs and attorney's fees pursuant to 17 U.S.C. §§ 504(c)(3) and 505.

6. To date, Plaintiff has incurred $8,600 in attorney's fees in prosecuting this action.

7. Although Plaintiff has requested statutory damages of $20,000 per infringement, the Court finds that a statutory damage award of $10,000 per infringement is appropriate (totaling $30,000 for the three infringements of Plaintiff's copyrights) in light of Defendant's apparent compliance with the preliminary injunction issued by the Court on December 14, 2005. (Paper 11).

In light of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Default Judgment is GRANTED and Plaintiff is awarded a judgment in the amount of $38,600.

2. Defendant Capricorns Lair, its agents, servants, representatives, employees, attorneys, successors, assigns, or other individuals or entities controlled by or affiliated with

Capricorns Lair, and all those in privity or active concert or participation with Capricorns Lair who receive actual notice of this ruling, are ENJOINED from the manufacture and sale of jewelry that would infringe upon Plaintiff's copyrights.

    SO ORDERED.

    Dated at Rutland, in the District of Vermont, this 13th day of September, 2006.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge